UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY STEELE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 1:09-cv-0215-DFH-JMS |
| ) | CASE NO. 1:07-cr-51-3-DFH-KPF |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ENTRY DISMISSING SECTION 2255 MOTION

Petitioner Anthony Steele pled guilty in 2008 to one count of conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base, one count of distribution of five grams or more of cocaine base, one count of possession of five grams or more of cocaine base with intent to distribute, and one count of possession of a firearm in furtherance of a drug trafficking crime. The court sentenced Steele to the mandatory minimum ten years in prison on the conspiracy charge and five years on each of the two substantive drug counts, all to run concurrently. The court sentenced Steele to five years on the firearm charge under 18 U.S.C. § 924(c), to run consecutively to the other sentences. Steele did not appeal.

Steele has filed a motion to vacate his sentence under 28 U.S.C. § 2255. He argues that the court misread 18 U.S.C. § 924(c)(1) and that the court was not

actually required to impose the consecutive five year sentence on the firearm charge. He argues that this was a plain error that deprived him of his liberty without due process of law and that his lawyer failed to provide effective assistance of counsel by failing to raise the issue.

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the court to examine the motion promptly: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

The court has examined Steele's motion and the record of the underlying criminal case and finds that dismissal is required under Rule 4. Steele bases his argument on a clear misinterpretation of section 924(c)(1). That subsection reads:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
>
> > (i) be sentenced to a term of imprisonment of not less than 5 years;
> > (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> > (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

>(B) If the firearm possessed by a person convicted of a violation of this subsection –
>
>>(i) is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years; or
>>(ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.
>
>(C) In the case of a second or subsequent conviction under this subsection, the person shall –
>
>>(i) be sentenced to a term of imprisonment of not less than 25 years; and
>>(ii) if the firearm involved is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, be sentenced to imprisonment for life.
>
>(D) Notwithstanding any other provision of law –
>
>>(i) a court shall not place on probation any person convicted of a violation of this subsection; and
>>(ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

Steele reads the "Except" clause in the first sentence as referring to the minimum sentence for the underlying crime of violence or drug trafficking crime. As he reads the statute, because he was subject to a ten-year mandatory minimum sentence on the drug trafficking conspiracy charge, he should not have been subject to any penalty, or at least not to a consecutive five year sentence, for the firearm charge.

His reading of the statute is clearly mistaken, and contrary to the sentences imposed in vast numbers of federal prosecutions. The "Except" clause refers to the possibility that some other provision of law might impose a higher mandatory minimum sentence *for the conduct of possessing, brandishing, or discharging the firearm*. Section 924(c)(1) was written to impose heavy consecutive sentences on persons who use guns when committing violent or drug trafficking crimes. Steele's sentence complied fully with the law, and his attorney did not fail to provide effective assistance of counsel. In fact, the total of fifteen years he received was the lowest sentence the law allowed in his case.

Accordingly, Steele's motion for relief under 28 U.S.C. § 2255 is hereby summarily denied under Rule 4. Final judgment shall issue.

So ordered.

Date:   2/27/09

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-5-

Copies to:

ANTHONY STEELE
08562
FEDERAL CORRECTIONAL INSTITUTION GILMER
P.O. Box 6000
Glenville, WV 26351

OFFICE OF THE UNITED STATES ATTORNEY
10 West Market Street, Suite 2100
Indianapolis, Indiana  46204-3048